UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO CARLOS SEGURA ESCOBAR,<br><br>　　　　　Petitioner,<br><br>　　　v.<br><br>ERNESTO SANTACRUZ JR. et al.,<br><br>　　　　　Respondents. | Case No. 5:26-cv-00385-MCS-MAA<br><br>**ORDER RE: EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER (ECF NOS. 4, 9)** |

 Petitioner Roberto Carlos Segura Escobar brings this action for a writ of habeas corpus. (Pet., ECF No. 1; Am. Pet., ECF No. 8.) Petitioner filed an ex parte application for a temporary restraining order and for issuance of an order to show cause why a preliminary injunction should not issue. (Appl., ECF No. 4; Am. Appl. ECF No. 9-4.) The Court ordered briefing on the application. (Order Setting Br. Schedule, ECF No. 7.) Respondents Ernesto Santacruz Jr., in his official capacity as Director of the Los Angeles U.S. Immigrations and Customs Enforcement ("ICE") Field Office; Kristi Noem, in her official capacity as Secretary of the Department of Homeland Security; Department of Homeland Security; Pamela Bondi, in her official capacity as Attorney General of the United States; Executive Office for Immigration Review; and Fereti

1

Semaia, in his official capacity as Warden of Adelanto Detention Facility, filed a brief in response. (Resp., ECF No. 11.)

The Court heard the application on February 9, 2026. (Mins., ECF No. 16.) The parties stipulated at the hearing that the Court could consider the motion as a motion for a preliminary injunction. The Court orally granted the motion in substantial part. This Order memorializes the Court's reasoning.

I. **BACKGROUND**

According to the petition and application materials, Petitioner is a 41-year-old citizen of El Salvador who entered the United States without inspection in 2023. (Am. Pet. ¶¶ 2, 24.) He has no criminal record. (*Id.* ¶ 2.) On January 24, 2026, Petitioner was tackled, pepper sprayed, and arrested by three ICE officers while he was shopping with his wife. (*Id.* ¶ 3.) Petitioner suffered a rib injury, was "temporarily blinded," and choked from the pepper spray. (Hellerstein Decl. ¶ 6, ECF No. 8-1.) The next day, on January 25, a deportation officer "coerced" Petitioner into signing a voluntary departure form. (Am. Pet. ¶ 4.) Petitioner submits that the officer told him, "You have to sign or you'll never be released," and said that others who were released "paid $30,000, and even then some don't get out." (*Id.* (internal quotation marks omitted).) Petitioner signed the form because he was "[e]xhausted, confused, injured, and believ[ed] [he had] no alternative," but asserts that he "never wanted voluntary departure." (*Id.*)[1]

Petitioner claims that his detention violates: (1) his Fifth Amendment right to a knowing and voluntary waiver of his rights; (2) his Fifth Amendment right to substantive due process; (3) his Fifth Amendment right to procedural due process; and (4) his Fourth Amendment right to be free from unlawful arrest and excessive force.

---

[1] At the hearing on the application, the parties represented that the Government does not intend to rely upon the allegedly coerced form in any further proceedings. Accordingly, these allegations do not bear on the Court's analysis or the relief provided in this Order, but are included for completeness.

(*Id.* ¶¶ 41–56.) In his application for a temporary restraining order, Petitioner contends that he is being improperly subjected to mandatory detention, (Am. Appl. 4–10), and has been denied an opportunity to seek bond before a neutral adjudicator, (*id.* at 10–13). In addition, Petitioner argues that he suffers irreparable injury each day he is in detention due to the constraints on his physical liberty. (*Id.* at 13–14.) Petitioner seeks preliminary injunctive relief in the form of an order requiring his immediate release and enjoining Respondents from re-detaining without further order by the Court, or alternatively, a bond hearing under 8 U.S.C. § 1226(a), pursuant to the relief ordered in *Maldonado Bautista v. Santacruz Jr.*, No. 5:25-cv-01873-SSS-BFM, 2025 U.S. Dist. LEXIS 262265 (C.D. Cal. Dec. 18, 2025). (Am. Appl. 15.) The Court issued an order prohibiting Respondents from relocating Petitioner outside the district while the instant application is pending. (Order Setting Br. Schedule 2.)

## II.   LEGAL STANDARD

The standards governing temporary restraining orders and preliminary injunctions are essentially the same. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The Ninth Circuit also employs a "version of the sliding scale approach" where "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). Under this approach, an injunction may issue if the plaintiff shows that serious questions go to the merits, the balance of hardships tips sharply toward the plaintiff, the plaintiff is likely to suffer irreparable injury, and an injunction is in the public interest. *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021).

## III. DISCUSSION

### A. Likelihood of Success on the Merits

Petitioner is likely to succeed on the merits of his Fifth Amendment procedural due process claim. (Am. Pet. ¶¶ 49–51; Am. Appl. 10–13.)[2]

Respondents concede that Petitioner "appears to be" a member of the bond-eligible class recognized in *Maldonado Bautista v. Santacruz Jr.* and is entitled to relief on that basis. (*See* Resp. 2.) *Maldonado Bautista* recognized a bond-eligible class of

> [a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

2025 U.S. Dist. LEXIS 262265, at *86–87.

For purposes of this case, the Court will not repeat the statutory analysis of the *Maldonado Bautista* court, which is consistent with the conclusion that many other courts across the country have reached regarding whether the mandatory detention provisions of 8 U.S.C. § 1225(b) apply to individuals like Petitioner. *See, e.g.*, *Helal v. Janecka*, No. 5:25-cv-02650-HDV-JC, 2025 U.S. Dist. LEXIS 226600, at *8 (C.D. Cal. Oct. 24, 2025) (collecting cases for the proposition that "[t]he vast majority of courts—analyzing the text, structure, agency application, and legislative history of [§§ 1225(b) and 1226(a)]—have found that § 1226(a) applies"); *but see Buenrostro-Mendez v. Bondi*, Nos. 25-20496, 25-40701, 2026 U.S. App. LEXIS 3899, at *12–26 (5th Cir. Feb. 6, 2026) (reaching a different interpretation over a dissent). Ultimately, the final

---

[2] The Court does not opine on Petitioner's likelihood of success on the merits of his other claims.

4

judgment entered in *Maldonado Bautista* declared that class members "are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)" and instead are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge" pursuant to 8 U.S.C. § 1226(a). *Maldonado Bautista*, 2025 U.S. Dist. LEXIS 262265, at *88.

Here, Petitioner entered the United States without inspection in 2023. (Am. Pet. ¶ 2, Hellerstein Decl. ¶ 4.) He has no criminal history, (Am. Pet. ¶ 8; Hellerstein Decl. ¶ 11), and it appears that he was not apprehended upon arrival in 2023 and is not subject to detention pursuant to 8 U.S.C. §§ 1225(b)(1), 1226(c), or 1231. Accordingly, Petitioner is likely to succeed on the merits of his claim as a member of the *Maldonado Bautista* class. *See, e.g., Rizo v. Lyons*, No. 5:26-cv-00194-SSS-BFM, 2026 U.S. Dist. LEXIS 15090, at *7 (C.D. Cal. Jan. 27, 2026) ("Because Petitioner's Habeas Petition alleges facts that place him squarely within the definition of the Bond Eligible Class, the Court is compelled to find that he is entitled to . . . what is guaranteed by *Bautista*'s final judgment."); *Garcia v. Semaia*, No. 5:25-cv-03536-HDV-AS, 2026 U.S. Dist. LEXIS 6680, at *2 (C.D. Cal. Jan. 5, 2026) (granting relief pursuant to *Maldonado Bautista* where the Government conceded that the petitioner was a class member).

For these reasons, Petitioner is likely to succeed on his procedural due process claim.

### B. Irreparable Harm

Petitioner has established irreparable harm. "It is well established that the deprivation of constitutional rights 'unquestionably constitutes irreparable injury.'" *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) (quoting *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012)). "Deprivation of physical liberty by detention constitutes irreparable harm." *Arevalo v. Hennessy*, 882 F.3d 763, 767 (9th Cir. 2018) (citing *Hernandez*, 872 F.3d at 994). Given the Court's determination that Petitioner is likely to succeed on the merits of his due process claim, Petitioner faces irreparable

harm absent injunctive relief because he would remain in detention without an individualized bond hearing.

### C. Balance of Equities and Public Interest

The last two factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). "Because public interest concerns are implicated when a constitutional right has been violated, all citizens have a stake in upholding the Constitution, meaning it is always in the public interest to prevent the violation of a party's constitutional rights." *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) (cleaned up). The government "cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1983). "Faced with a choice 'between [minimally costly procedures] and preventable human suffering,' as discussed above, the Court concludes 'that the balance of hardships tips decidedly in [petitioner's] favor." *Singh v. Andrews*, No. 1:25-cv-00801-KES-SKO (HC), 2025 U.S. Dist. LEXIS 132500, at *23 (E.D. Cal. July 11, 2025) (alterations in original) (quoting *Hernandez*, 872 F.3d at 996). These factors favor relief.

### D. Summary

All factors strongly favor injunctive relief. The Court grants a preliminary injunction enjoining Respondents from continuing to detain Petitioner unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days.[3]

---

[3] This relief is consistent with what other courts have provided to *Maldonado Bautista* class members. *See, e.g.*, *Rizo*, 2026 U.S. Dist. LEXIS 15090, at *7–8; *Garcia*, 2026 U.S. Dist. LEXIS 6680, at *2. The Court declines to order Petitioner's immediate release given that doing so would exceed the scope of *Maldonado Bautista*'s relief. *See Chalal v. Bowen*, No. 5:25-cv-03546-SB-DSR, 2026 U.S. Dist. LEXIS 11525, at *4, 6

The Court exercises its discretion not to require a security. Fed. R. Civ. P. 65(c); *see Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003) ("Rule 65(c) invests the district court with discretion as to the amount of security required, *if any*." (internal quotation marks omitted)); *cf. Rodriguez-Flores v. Semaia*, No. CV 25-6900 JGB (JCx), 2025 U.S. Dist. LEXIS 192394, at *14 (C.D. Cal. Aug. 14, 2025) ("Due to the minimal harms suffered by the government, the Court will not require a security.").

## IV. CONCLUSION

The Court grants the motion in substantial part. The Court issues a preliminary injunction as follows: Respondents and all of their officers, agents, servants, employees, attorneys, and persons acting on their behalf, in concert, or in participation with them are enjoined from continuing to detain Petitioner unless he is provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days.

///

---

(C.D. Cal. Jan 14, 2026) (denying *Maldonado Bautista* class member's request for immediate release). In addition, Petitioner has not identified an alternate ground that would entitle him to immediate release. For instance, because Petitioner entered without inspection and was never released on parole or under an order of supervision, he does not have as strong of a liberty interest in remaining free from detention as in cases in which this Court has ordered a petitioner's immediate release under *Mathews v. Eldridge*, 424 U.S. 319 (1976). *Cf.* Order Re: Mot. for TRO, *Hasratyan v. Bondi*, No. 5:26-cv-002310-MCS-ADS (C.D. Cal. Feb. 2, 2026), ECF No. 10; Order Re: Ex Parte Appl. for TRO & Prelim. Inj., *Cristobal Meneses v. Santacruz, Jr.*, No. 2:25-cv-11206-MCS-PVC (C.D. Cal. Dec. 2, 2025), ECF No. 13; Order Re: Ex Parte Appl. for TRO, *Martinez Cruz v. Lyons*, No. 5:25-cv-02879-MCS-MBK (C.D. Cal. Nov. 6, 2025), ECF No. 12.

Pursuant to General Order No. 05-07, further proceedings on the merits of the petition are referred to the assigned magistrate judge.

**IT IS SO ORDERED.**

Dated: February 10, 2026

*Mark C. Scarsi*

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE